UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:15-cv-22536-RNS

AMANDA JONES,

    Plaintiff,

vs.

KLEWIN CONSTRUCTION, INC.,
a Florida Profit Corporation,
KYLE C. KLEWIN, individually,
and TYLER G. KLEWIN, individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, AMANDA JONES ("Plaintiff"), and Defendants, Klewin Construction, Inc., Kyle C. Klewin, and Tyler G. Klewin ("Defendants"), by and through their undersigned counsel, hereby move for Court approval of the mutually-agreed upon terms and conditions of settlement of Plaintiff's claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and respectfully request dismissal of the above-captioned action with prejudice, in its entirety, the parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement executed by the parties.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.    Plaintiff filed a Complaint (DE #1) in this action on July 7, 2015, alleging that Defendants failed to pay Plaintiff for all overtime hours allegedly worked. Defendants deny that they owe Plaintiff any amount in unpaid compensation.

2.    During the course of this matter, and solely to avoid the costs associated with

continued litigation, the parties discussed possible settlement options. At this time, the parties have since reached a complete settlement of the claims asserted in the Complaint. Defendants, however, continue to deny any and all liability.

3. The terms and conditions of the parties settlement are memorialized in a Settlement Agreement, which, as a material term, must be filed under seal. As a result, parties will conventionally file a Motion to File Settlement Documents Under Seal as set forth in Local Rule 5.4. Such motion explains the reasons why the Settlement Agreement should not be part of the public record.

4. In accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties seek Court approval of the Settlement Agreement.

### **MEMORANDUM OF LAW**

There are two ways that FLSA claims *may* be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same). When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

In the instant action, the parties have been represented by counsel experienced in FLSA litigation at all times. The terms of settlement on Plaintiff's alleged unpaid wages claim are fair and reasonable and the settlement compensates Plaintiff for all time she allegedly worked, plus an equal amount to reflect liquidated damages. The settlement fully satisfies a reasonable amount of Plaintiff's attorneys' fees and costs, and Plaintiff has no outstanding fees owed to her counsel. The parties negotiated the settlement of this matter in good faith, and there has been no undue influence, overreaching, collusion, or intimidation in reaching the settlement. Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiff and Defendants. In the opinion of undersigned counsel for the parties, the expense of litigation through trial would have far exceeded the potential value of this case.

**WHEREFORE**, Plaintiff and Defendants respectfully request that the Court:

(i) approve the terms and conditions of the Settlement Agreement; and

(ii) dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth herein;

A proposed Order is attached hereto as Exhibit "A".

Dated:  October 12, 2015

Respectfully submitted,

| | |
|---|---|
| **s/ Jorge F. Perera** | **s/ Anaeli C. Petisco, Esq.** |
| INGRID H. PONCE, ESQ. | Anthony M. Georges-Pierre, Esq. |
| JORGE FREDDY PERERA | Florida Bar No.: 533637 |
| Fla. Bar No. 93625 | E-mail: agp@rgpattorneys.com |
| fperera@stearnsweaver.com | Anaeli C. Petisco, Esq. |
| Stearns Weaver Miller Weissler | Florida Bar No.: 113376 |
| Alhadeff & Sitterson | apetisco@rgpattorneys.com |
| 150 W Flagler Street, Suite 2200 | REMER & GEORGES-PIERRE, PLLC |
| Miami, FL 33130 | 44 West Flagler Street, Suite 2200 |
| Telephone:  305-789-3200 | Miami, Florida  33130 |
| Fax:  305-789-3395 | Tel: (305) 416-5000 |
| Counsel for Defendant | Fax: (305) 416-5005 |
| | Counsel for Plaintiff |