UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:15-cv-22536-RNS

AMANDA JONES,

    Plaintiff,

vs.

KLEWIN CONSTRUCTION, INC.,
a Florida Profit Corporation,
KYLE C. KLEWIN, individually,
and TYLER G. KLEWIN, individually,

    Defendants.
_____/

## JOINT MOTION TO FILE SETTLEMENT DOCUMENTS UNDER SEAL

Plaintiff Amanda Jones ("Plaintiff"), and Defendants, Klewin Construction, Inc., Kyle C. Klewin, and Tyler G. Klewin ("Defendants"), pursuant to Local Rule 5.4(b), hereby file this Joint Motion to File Settlement Documents Under Seal, and in support thereof, state as follows:

1. Plaintiff filed the instant action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). [DE 1]. Defendants, in turn, have denied all allegations of wrongdoing and have denied any liability under the FLSA.

2. During the course of this case, counsel for the parties discussed the underlying facts on multiple occasions and jointly reviewed relevant documents. To enable settlement discussions, the parties agreed that any settlement reached would be filed under seal with this Court.

3. Following significant negotiation, the parties reached a settlement agreement that would be dispositive of this litigation. A central component of such settlement was an agreement that the settlement agreement would be filed under seal. This was a central component, because, in Defendants' view and experience, settlement agreements in public records may generate future litigation.

#4505844 v1

4.      In order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties have contemporaneously filed a Joint Motion to Approve Settlement outlining the reasons why the agreements should be approved. For the Court to perform this analysis, it must review the financial terms of the FLSA Settlement Agreements. However, Defendants wish to keep the FLSA Settlement Agreements and their terms out of public record. The only manner in which to achieve both objectives is to file the FLSA Settlement Agreements under seal.

5.      Defendants desire to have the FLSA Settlement Agreements filed and permanently sealed as the financial details are confidential in nature.

6.      Pursuant to Local Rule 5.4(b), the parties will deliver to the Clerk's Office the FLSA Settlement Agreements in a separate plain envelope marked as "Sealed Documents" with the case number and style of the action on the envelope.

## MEMORANDUM OF LAW

In this Circuit, there is a common law right of access to materials filed in connection with a substantive pretrial motion. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, the public's common-law right to access is not absolute. *Microlumen, Inc. v. Allegrath*, 2007 WL 1247068, at *1 (M.D. Fla. April 30, 2007). This "common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *State Farm Mutual Automobile Insurance Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2013 WL 1212818 (M.D. Fla. Mar. 25, 2013) (citing to *Romero*, 480 F.3d at 1245). Good cause is established when disclosure would result in a clearly defined and serious injury to the moving party. *See Romero*, 480 F.3d at 1245-46.

#4505844 v1

As described above, good cause exists in this case where the financial terms of the settlement are confidential.

Additionally, the request is narrowly tailored as the parties are not seeking to seal the fact that a settlement occurred. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (holding that requests to seal should be narrowly tailored). Rather, it is only the financial terms contained in the settlement agreements that are at issue. The parties have filed a Joint Motion for Approval of Settlement and are seeking an Order approving the settlement, both which are not subject to this Motion to File Under Seal.

Pursuant to Local Rule 5.4(b)(2), Defendants request that the settlement agreement be maintained as sealed for the duration of this matter, after which time they should be returned to Defendants' counsel or destroyed.

WHEREFORE, the Parties respectfully request this court grant this Motion and allow the Parties to file under seal the settlement agreement between the parties.

Dated: October 14, 2015
Miami, Florida

Respectfully submitted,

| | |
|---|---|
| INGRID H. PONCE, ESQ. | Anthony M. Georges-Pierre, Esq. |
| Florida Bar No. 166774 | Florida Bar No.: 533637 |
| JORGE FREDDY PERERA | E-mail: agp@rgpattorneys.com |
| Fla. Bar No. 93625 | Anaeli C. Petisco, Esq. |
| fperera@stearnsweaver.com | Florida Bar No.: 113376 |
| Stearns Weaver Miller Weissler | apetisco@rgpattorneys.com |
| Alhadeff & Sitterson | REMER & GEORGES-PIERRE, PLLC |
| 150 W Flagler Street, Suite 2200 | 44 West Flagler Street, Suite 2200 |
| Miami, FL 33130 | Miami, Florida 33130 |
| Telephone: 305-789-3200 | Tel: (305) 416-5000 |
| Fax: 305-789-3395 | Fax: (305) 416-5005 |
| Counsel for Defendant | Counsel for Plaintiff |

#4505844 v1